UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

J. RICHARD NEDDER,

    Plaintiff

v.                                        C.A. No.:

CVS NEW YORK, INC.                 **04-40138**

    Defendant

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441(a), 1441(b) and 1446, and for the sole purpose of removing this matter to the United States District Court of the District of Massachusetts, Defendant, CVS New York, Inc. ("Defendant") states:

1.    State Court Action.

Plaintiff, J. Richard Nedder, filed this action against Defendant in the Worcester County Superior Court, Civil Action No. 04-1279B. Copies of the Summons and Complaint served by plaintiff are attached as Exhibit 1.

2.    Federal Jurisdiction.

Plaintiff has asserted claims against Defendant for, inter alia, breach of contract and breach of the implied covenant of good faith and fair dealing arising out of Defendant's alleged failure to provide him with pension benefits under the so-called Melville Corporation Retirement Plan, a pension benefit plan governed under the Employee Retirement Income Security Act, codified at 29 U.S.C. § 1001 et seq. (See Complaint at ¶¶5-6, 9-14, and Exhibit 2 thereto). The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

FILING FEE PAID:
RECEIPT # 404372
AMOUNT $ 150.00
BY DPTY CLK
DATE 7-28-04

- 2 -

3. <u>Timeliness of Notice of Removal</u>.

Defendant first received notice of the Complaint by receiving a copy of the Summons and Complaint on or about July 7, 2004. Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b).

4. <u>Relief Requested</u>.

Defendant requests that the United States District Court for the District of Massachusetts assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Respectfully submitted,

EDWARDS & ANGELL, LLP

By: _____
Todd M. Reed (#6602)
Attorneys for Defendant
CVS New York, Inc.
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200
(401) 276-6611 (facsimile)

DATED: 7/27/04

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2004, I served a copy of the within document by causing a copy to be sent via First Class U.S. Mail, postage pre-paid to the above-named counsel.

TO:   William J. Ritter, Esquire
      MacCarthy, Pojani & Hurley
      446 Main Street
      Worcester, MA  01608



# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 04-1279B

J. Richard Nedder            Plaintiff(s)

V.

CVS New York, Inc.

Defendant(s)

**SUMMONS**

To the above-named Defendant: CVS New York, Inc., c/o CT Corporation System, 101 Federal Street, Boston, MA 02110

You are hereby summoned and required to serve upon William J. Ritter, Esquire plaintiff's attorney, whose address is MacCarthy Pojani & Hurley, LLP, 446 Main Street, Worcester, MA 01608 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the .....1st.............. day of ..July........................................in the year of our Lord two thousand and 2004.

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written

COMMONWEALTH OF MASSACHUSETTS
Worcester, ss

Superior Court
Department of the Trial
Court of the Commonwealth
Civil Action No.

J. RICHARD NEDDER,
    Plaintiff

vs.

CVS NEW YORK, INC.,
    Defendant

## PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

### Parties and General Allegations

1. The Plaintiff, J. Richard Nedder is an individual with a usual place of residence in West Boylston, Worcester County, Massachusetts.

2. The Defendant, CVS New York, Inc. ("CVS") is a New York corporation doing business in the state of Massachusetts, with a usual place of business in Woonsocket, Providence County, Rhode Island.

3. CVS is the successor in interest to Melville Corporation ("Melville").

4. Mr. Nedder retired from Melville in 1983 after almost forty (40) years of service, the last two of which were as Vice-President.

5. As part of Mr. Nedder's retirement and in exchange for a comprehensive Release, Melville agreed to provide Mr. Nedder a supplemental monthly payment determined in 1989 to be $1,883.09 per month. A copy of the Release is attached hereto as Exhibit #1.

6. A copy of the Agreement ("Agreement") between Melville and Mr. Nedder is attached hereto as Exhibit #2.

7. From 1989 until February of 2004, Mr. Nedder received the monthly payment.

8. The monthly payment to Mr. Nedder stopped in March, 2004 and Mr. Nedder's demand that the monthly payments be reinstated, in accordance with he Agreement, have been ignored.

## COUNT I
### Breach of Contract

9. Mr. Nedder repeats the allegations contained in paragraphs 1 through 8 of this Complaint as is fully set forth herein.

10. As set forth above, CVS has breached its contract with Mr. Nedder.

11. As a direct and proximate result of CVS's breach of contract, Mr. Nedder has sustained damages.

## COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing

12. Mr. Nedder repeats the allegations contained in paragraphs 1 through 8 of this Complaint as is fully set forth herein.

13. CVS's contract with Mr. Nedder contained an implied covenant of good faith and fair dealing implied in all Massachusetts contracts.

14. By all of the above referenced conduct, CVS has breached the implied covenant of good faith and fair dealing between CVS and Mr. Nedder, and Mr. Nedder has sustained damages as a direct and proximate result of CVS's breach.

## COUNT III
### Injunctive Relief

15. Mr. Nedder repeats the allegations contained in paragraphs 1 through 14 of this Complaint as is fully set forth herein.

16. Mr. Nedder requests that this court enter a temporary and permanent injunction requiring CVS to make payments to Mr. Nedder in accordance with the Agreement.

## COUNT IV
### Declaratory Judgment

17. Mr. Nedder repeats the allegations contained in paragraphs 1 through 14 of this Complaint as is fully set forth herein.

18. A dispute has arisen between Mr. Nedder and CVS relative to Mr. Nedder's right to receive monthly payments in accordance with the Agreement.

-2-

19. An actual bonafide controversy exists between Mr. Nedder and CVS as to the duties and obligations with respect to the Agreement and the rights of the parties can only be determined by a declaratory judgment.

WHEREFORE, Mr. Nedder demands judgment in an amount to be determined by the Court plus interest, costs, attorney's fees and further requests that an order be entered:

1. Declaring the rights and other legal relations of Mr. Nedder and CVS by reason of the Agreement;

2. Declaring that CVS has breached the Agreement and its terms and declare that Mr. Nedder shall receive the payments as required by the Agreement; and

3. Make such other orders as the court deems just and proper.

Plaintiff demands a trial by jury in the Superior Court on all counts so triable.

J. RICHARD NEDDER
by his attorney,

Attorney for the Plaintiff
William J. Ritter, Esquire
MacCarthy Pojani & Hurley
446 Main Street
Worcester, MA 01608
(508) 798-2480
BBO# 552397

F:\data4\Nedder\Melville\Complaint.doc

# EXHIBIT #1

JUL-09-2004 FRI 12:46 PM CVS HQ LEGAL DEPT 3    FAX NO. 401 767 2650    P. 07/18
Case 4:04-cv-40138-FDS    Document 1    Filed 07/28/2004    Page 9 of 18

## RELEASE

Release executed this 26th day of October 1983, by J. Richard Nedder ("Nedder"), who resides at 26 Applewood Road, West Boylston, Massachusetts 01583.

For and in consideration of the payments and other benefits to be made to me by Melville Corporation ("Melville"), 3000 Westchester Avenue, Harrison, New York 10528 as detailed in that certain letter dated October 18, 1983 signed by Francis C. Rooney, Jr., and attached hereto as Exhibit A, Nedder and his heirs, executors, administrators, successors and assigns forever release and discharge Melville and all its officers, directors, employees, agents, successors and assigns, from any and all claims, demands, causes of action and liabilities of any kind whatever (upon any legal or equitable theory, whether contractual, common-law, statutory, federal, state or otherwise and including, but not limited to, any claims for fees or costs of any kind), whether known or unknown, which Nedder now has, ever had or hereafter may have from the beginning of time to the date of this Release, against Melville or any of its officers, directors, employees, agents, successors or assigns, by reason of any act, omission, transaction or occurrence up to and including the date of this release.

Without limiting the generality of the foregoing, this instrument shall release Melville and all its officers, directors, employees, agents, successors and assigns from any and all claims, whether known or unknown, which Nedder now has, ever had or hereafter may have against Melville or any of its officers, directors, employees, agents, successors or assigns, arising out of Nedder's employment by Melville or the termination thereof, including but not limited to any claim under any federal, state or municipal statute, regulation or ordinance dealing with discrimination in employment.

This Release may not be changed orally.

Nedder represents and warrants that he has read this Release carefully, that he fully understands its terms, and that he is signing it voluntarily and of his own free will.

_____
J. Richard Nedder

STATE OF New York )
                  ; s.:
COUNTY OF Westchester )

On this 26th day of October, 1983, before me personally came J. Richard Nedder, to me known and known to me to be the person described in and who executed the foregoing Release and he duly acknowledged to me that he executed same.

_____
Notary Public

JANET L. FARROW
Notary Public, State of New York
No. 4777488
Qualified in Westchester County
Commission Expires March 30, 1984

# EXHIBIT #2

# Melville

Francis C. Rooney, Jr.
Chairman of the Board

October 18, 1983

Mr. J. Richard Nedder
26 Applewood Road
West Boylston, Massachusetts 01583

Dear Dick:

This letter will confirm that the Board of Directors of Melville Corporation has approved the following arrangement regarding your compensation and retirement benefits:

Present Compensation

Base Salary:           $168,000/year
Normal Award:          $ 28,600/year
(To be adjusted according to 1983 Actual results)

Compensation Payment and Retirement Payments

1. Your current rate of compensation will be paid through 12/31/83.

2. You will retire on 1/1/84. Your straight life annuity payments under the Melville Corporation Retirement Plan will be approximately $22,140 annually which will be $1,845 on a monthly payment basis. (This would be reduced if you choose an optional method of payment.)

Melville Retirement Plan Payments

|  | ARRANGEMENT | BENEFIT |
|---|---|---|
| Straight Life Annuity | To You | $22,140/year |
|  | To Surviving Spouse | $ -0- |
| 100% Joint & Survivor Option | To You | $18,400/year |
|  | To Surviving Spouse | $18,400/year |
| 50% Joint & Survivor Option | To You | $20,090/year |
|  | To Surviving Spouse | $10,045/year |

Melville Corporation  3000 Westchester Avenue, Harrison, New York 10528  (914) 253-8000  Telex: 137469

-2-

3. You will receive a supplemental yearly payment from Melville Corporation funds of approximately $97,860 for the calendar years 1984, 1985 and 1986 paid on a monthly basis of $8,155.00. (This, too, would be reduced if you choose an optional payment basis.) The combination of the $22,140 from the Retirement Plan and the $97,860 supplemental payment equals $120,000 yearly for the three calendar years on a straight life basis.

Supplemental Melville Corporation Funds Payment for Calendar Years 1984, 1985 and 1986

|  | ARRANGEMENT | BENEFIT |
|---|---|---|
| Straight Life Annuity | To You | $97,860/year |
|  | To Surviving Spouse | $ -0- |
| 100% Joint & Survivor Option | To You | $81,331/year |
|  | To Surviving Spouse | $81,331/year |
| 50% Joint & Survivor Option | To You | $88,828/year |
|  | To Surviving Spouse | $49,414/year |

4. Starting 1/1/87, you will continue to receive the $22,140 per year paid at $1,845 on a monthly basis from the Melville Retirement Plan and will receive a supplemental yearly payment from Melville Corporation funds of approximately $37,860, which will be paid at $3,155 per month through 5/15/89 (until you have reached age 62). (This would be reduced if you choose an optional payment basis.) The combination of the $22,140 from the Retirement Plan and the $37,860 supplemental payment equals $60,000 per year on a straight life basis.

Supplemental Melville Corporation Funds Payment Starting 1/1/87

|  | ARRANGEMENT | BENEFIT |
|---|---|---|
| Straight Life Annuity | To You | $37,860/year |
|  | To Surviving Spouse | $ -0- |
| 100% Joint & Survivor Option | To You | $31,465/year |
|  | To Surviving Spouse | $31,465/year |
| 50% Joint & Survivor Option | To You | $34,366/year |
|  | To Surviving Spouse | $17,183/year |

5. When you reach age 62 on 5/16/89, your Melville Retirement Plan payments of $22,140 will continue and your supplemental payment from Melville Corporation funds will be reduced by your primary social security amount at age 62. The total of payments from the three sources will equal the former total of the Retirement Plan benefits and the supplemental Melville Corporation's funds payment, which is $60,000 annually on a straight life basis.

-3-

6.     *Your total compensation will be as follows on a straight life annuity basis:*

1983   —  *Current rate as is*

1984   —  *$120,000 ($97,860 from Melville Corporation funds as a supplement)*
          *($22,140 from Melville Retirement Plan)*

1985   —  *$120,000 ($97,860 from Melville Corporation funds as a supplement)*
          *($22,140 from Melville Retirement Plan)*

1986   —  *$120,000 ($97,860 from Melville Corporation funds as a supplement)*
          *($22,140 from Melville Retirement Plan)*

1987 On—  *$60,000 *($37,860 from Melville Corporation funds as a supplement)*
          *($22,140 from Melville Retirement Plan)*

\*   *At age 62, the Melville supplemental funds will be reduced by the amount of primary social security for which you are eligible.*

    *In the event the Melville Retirement Plan is amended and your benefits are increased effective on or before January 1, 1984, the supplemental benefits from Melville Corporation funds will be reduced accordingly. However, if the Plan is amended after January 1, 1984 and your benefits are increased, such increase will have no effect on the supplemental benefits from Melville Corporation funds.*

    *You may elect to receive whichever payment form you want; but, your election will apply uniformly to all the payments described above.*

Benefit Coverage

    *Your long-term disability (salary continuation) coverage will expire as of 12/31/83.*

    *Your present life insurance will continue unreduced through the end of the calendar year 1983 and premium payments will continue to be deducted from your salary during that period.*

    *Effective 1/1/84, your life insurance will be reduced to $12,000 and you will not pay any future premiums.*

    *Your hospital-surgical major medical and dental coverages will continue as they are through 1983 and premiums will be deducted from your compensation checks.*

    *Effective 1/1/84, your hospital-surgical major medical coverage will continue as before and your monthly premiums will be deducted from your Melville Retirement Plan check. Your dental coverage will be cancelled.*

-4-

Your benefits under the Melville Corporation Retirement Plan as previously discussed, accrue through 12/31/83; and this report reflects those numbers.

### Restricted Stock Shares

You presently hold grants of restricted stock awarded to you under the 1980 Restricted Stock Plan aggregating 2,830 shares (after the recent split). The Melville Corporation Compensation Committee has authorized the removal of the restrictions and delivery to you of stock certificates for those shares on January 1, 1984.

### Exercise of Stock Options

You presently hold the following options to purchase Melville Common Stock pursuant to our 1983 Stock Option Plan:

| Date | Description |
|---|---|
| 4/13/76 | Four Thousand (4,000) shares at an option price of $10.9375 per share - non-qualified options. |
| 7/14/82 | Four Thousand Thirty (4,030) shares at an option price of $24.8125 per share - Incentive Stock Option. |
| 7/14/82 | Two Thousand Five Hundred Seventy (2,570) shares at an option price of $24.8125 per share - non-qualified option. |

These options may be exercised by you at any time within the three months after your retirement on 1/1/84. Thus, any and all of the options would expire on March 31, 1984 if not previously exercised.

As we discussed, the above arrangement is contingent on your signing and delivering to me the attached release.

It is also important that you send me a letter promptly indicating whether you desire the benefit payments which will commence effective 1/1/84 as:

1) A Straight Life Annuity with no Survivor option.

2) A 100% Joint and Survivor option.

3) A 50% Joint and Survivor option.

The provisions of these various arrangements are outlined earlier in this letter; and whatever arrangement you choose will apply uniformly to all the payments made covering the period 1/1/84 on.

With kind regards.

Sincerely,

Francis C. Rooney, Jr.
Chairman

rny:louie
Attachment

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I(a) PLAINTIFFS
J. Richard Nedder

## DEFENDANTS
CVS New York, Inc.

04-40138

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

William J. Ritter
MacCarthy, Pojani & Hurley
446 Main Street
Worcester, MA 01608

ATTORNEYS (IF KNOWN)

Todd M. Reed
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES PLACE AN X IN ONE BOX
(For Diversity Cases Only) (For Plaintiff and One Box For Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY):

Plaintiff's cause of action relates to an employee retirement plan administered under ERISA, 29 U.S.C. Section 1001, et seq.

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R. R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ Other Personal Injury | PRISONER PETITIONS | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | | ☐ 530 General | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS -Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 550 Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN
CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23  CLASS ACTION  DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE None known  DOCKET NUMBER

DATE 7/27/04
SIGNATURE OF ATTORNEY OF RECORD

**04-40138**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __J. Richard Nedder v. CVS New York, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None known.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [x]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Todd M. Reed__
ADDRESS __Edwards & Angell, 2800 Financial Plaza, Providence, RI 02903__
TELEPHONE NO. __(401) 274-9200__

(Coversheetlocal.wpd - 10/17/02)