UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J. RICHARD NEDDER, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : C.A. No.: 04-40138 |
| | : |
| CVS NEW YORK, INC. | : |
| | : |
| Defendant | : |

## DEFENDANT'S ANSWERS TO
## PLAINTIFF'S COMPLAINT

The defendant, CVS New York, Inc., hereby responds to the allegations contained in plaintiff's complaint, paragraph by paragraph, as follows:

### Parties and General Allegations

1.    The defendant neither admits nor denies, because it has no knowledge of same, the allegations contained in paragraph 1 and, therefore, calls upon the plaintiff to prove same.

2.    The defendant admits the allegations contained in paragraph 2.

3.    The defendant admits that, for certain purposes, it is Melville Corporation's successor in interest, but denies that is Melville Corporation's successor for all purposes and concerning all liabilities.

4.    The defendant neither admits nor denies, because it has no knowledge of same, the allegations contained in paragraph 4 and, therefore, calls upon the plaintiff to prove same.

5.     The defendant neither admits nor denies, because it has no knowledge of same, the allegations contained in paragraph 5 and, therefore, calls upon the plaintiff to prove same.

6.     The defendant admits that, attached to plaintiff's complaint as Exhibit 2, is a letter dated October 18, 1983, which speaks for itself.

7.     The defendant neither admits nor denies, because it has no knowledge of same, the allegations contained in paragraph 7 and, therefore, calls upon the plaintiff to prove same.

8.     The defendant neither admits nor denies, because it has no knowledge of same, whether the alleged monthly payment to plaintiff stopped in March, 2004 and, therefore, calls upon the plaintiff to prove same.  The defendant denies the remaining allegations contained in paragraph 8.

## COUNT I
### Breach of Contract

9.     The defendant repeats and incorporates by reference its responses to paragraphs 1 through 8 as if set forth in full herein.

10.    The defendant denies the allegations contained in paragraph 10.

11.    The defendant denies the allegations contained in paragraph 11, and further denies that the plaintiff is entitled to recovery, in any amount, from the defendant.

## COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing

12.    The defendant repeats and incorporates by reference its responses to paragraphs 1 through 11 as if set forth in full herein.

13.    The defendant denies the allegations contained in paragraph 13.

14.    The defendant denies the allegations contained in paragraph 14, and further denies that the plaintiff is entitled to recovery, in any amount, from the defendant.

## COUNT III
### Injunctive Relief

15.    The defendant repeats and incorporates by reference its responses to paragraphs 1 through 14 as if set forth in full herein.

16.    The defendant denies the allegations contained in paragraph 16, and further denies that the plaintiff is entitled to recovery, in any amount, from the defendant.

## COUNT IV
### Declaratory Judgment

17.    The defendant repeats and incorporates by reference its responses to paragraphs 1 through 16 as if set forth in full herein.

18.    The defendant admits the allegations contained in paragraph 18.

19.    The defendant denies the allegations contained in paragraph 19, and further denies that the plaintiff is entitled to recovery, in any amount, from the defendant.

## AFFIRMATIVE DEFENSES

### First Defense

The plaintiff's Complaint fails to state a claim against the defendant, CVS New York, Inc., upon which relief can be granted.

### Second Defense

The plaintiff's Complaint fails to state a claim against the defendant, CVS New York, Inc., upon which relief can be granted in that the defendant has no obligation to pay the plaintiff any amount of the losses or damages alleged.

### Third Defense

If the plaintiff suffered injuries and damages as alleged, such injuries and damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

### Fourth Defense

The conduct of defendant complained of in the Complaint was neither the cause in fact nor the legal cause of any damages alleged suffered by the plaintiff.

### Fifth Defense

Plaintiff's Complaint is barred to the extent that it was not filed within the applicable statute of limitations.

### Sixth Defense

The Complaint should be dismissed in whole or in part to the extent that the plaintiff failed to comply with statutory prerequisites and conditions precedent to suit and/or failed to exhaust required administrative remedies.

### Seventh Defense

The damages and relief sought by the plaintiff are, in whole or in part, not legally authorized.

### Eighth Defense

Plaintiff's claims are preempted by the Employee Retirement Income Security Act.

## Ninth Defense

The plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

## Tenth Defense

The plaintiff's Complaint should be dismissed for misnomer.

## Eleventh Defense

The defendant states that it is not a proper party to this action.

CVS NEW YORK, INC.
By its attorneys,

Todd M. Reed (BBO# 564913)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI  02903
(401) 274-9200

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2004, I caused a copy of the foregoing document to be mailed via first-class mail, postage pre-paid to William J. Ritter, Esquire, MacCarthy Pojani & Hurley, 446 Main Street, Worcester, MA 01608.

Todd M. Reed