UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J. RICHARD NEDDER, | : |
| Plaintiff | : |
| v. | : C.A. No.: |
| CVS NEW YORK, INC. | : |
| Defendant | : |

## LOCAL RULE 81.1 STATEMENT

Pursuant to Local Rule 81.1 of the United States District Court for the District of Massachusetts, attached as Exhibit A are certified copies of all of the filings in the matter of <u>J. Richard Nedder v. CVS New York, Inc.</u>, C.A. No. 04-1279B in the docket of the Superior Court of the Commonwealth of Massachusetts for Worcester County.

Dated: August 10, 2004

CVS NEW YORK, INC.
By their attorneys,

_____
Todd M. Reed (BBO #564913)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 528-5858
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this \_\_10\_\_ day of August, 2004, I caused a copy of the foregoing document to be mailed via first-class mail, postage pre-paid to William J. Ritter, MacCarthy Pojani & Hurley, 446 Main Street, Worcester, MA 01608.

_____
Todd M. Reed

# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

CIVIL DOCKET#: **WOCV2004-01279-B**

RE:   Nedder v CVS New York Inc

TO:   Todd M Reed, Esquire
      Edwards & Angell
      2800 Financial Plaza
      Providence, RI 02903-2499

---

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **08/04/2004** the following entry was made on the above referenced docket:

**Case REMOVED this date to US District Court of Massachusetts**

Dated at Worcester, Massachusetts this 4th day of August, 2004.

                                                    Francis A. Ford,
                                                    Clerk of the Courts

                                                    BY: Denise D. Foley/Gail Dempsey
                                                    Assistant Clerk

Telephone: 508-770-1899, Ext. 129 or Ext. 108 (Session Clerk)

Commonwealth of Massachusetts
WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

## WOCV2004-01279
### Nedder v CVS New York Inc

| | | | | | |
|---|---|---|---|---|---|
| File Date | 06/30/2004 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 08/04/2004 | Session | B - Civil B (18 Worcester) | | |
| Origin | 1 | Case Type | A99 - Misc contract | | |
| Lead Case | | Track | F | | |
| Service | 09/28/2004 | Answer | 11/27/2004 | Rule12/19/20 | 11/27/2004 |
| Rule 15 | 11/27/2004 | Discovery | 04/26/2005 | Rule 56 | 05/26/2005 |
| Final PTC | 06/25/2005 | Disposition | 08/24/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
J Richard Nedder
West Boylston, MA 01583
Active 06/30/2004

**Private Counsel 552397**
William J Ritter
MacCarthy Pojani & Hurley
446 Main Street
Worcester, MA 01608
Phone: 508-798-2480
Fax: 508-797-9561
Active 06/30/2004 Notify

**Defendant**
CVS New York Inc
Service pending 06/30/2004

**Private Counsel 564913**
Todd M Reed
Edwards & Angell
2800 Financial Plaza
Providence, RI 02903-2499
Phone: 401-528-5858
Fax: 401-276-6611
Active 08/02/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/30/2004 | 1.0 | Complaint & civil action cover sheet & Rule 29 Statement and jury claim filed |
| 06/30/2004 | | Origin 1, Type A99, Track F. |
| 06/30/2004 | | Filing fee paid in the amount of $240.00, $15.00 surcharge and $20.00 security fee ($275.00) |
| 08/02/2004 | 2.0 | Notice for Removal to the United States District Court filed by CVS New York Inc |
| 08/04/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 06/30/2005 | Civil B (18 Worcester) | Status: Review Annual Fee | |

A true copy by process
Attest: [signature]
Asst. Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-1279 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|
| **PLAINTIFF(S)** J. Richard Nedder | | **DEFENDANT(S)** CVS New York, Inc. |
| **ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** William J. Ritter MacCarthy Pojani & Hurley, LLP, 446 Main Street, Worcester, MA 01608 508.798.2480 Board of Bar Overseers number: 552397 | | **ATTORNEY (if known)** |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup. Ct. C.231, s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s.97 &104 (After trial) (X)
- [ ] 5. F05 reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Breach of Contract | ( F ) | ( X ) Yes     ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damages; indicate single damages only.

#### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses............................................................................... $
2. Total Doctor expenses................................................................................. $
3. Total chiropractic expenses......................................................................... $
4. Total physical therapy expenses.................................................................. $
5. Total other expenses (describe)................................................................... $

Subtotal $

B. Documented lost wages and compensation to date...................................... $
C. Documented property damages to date....................................................... $
D. Reasonably anticipated future medical and hospital expenses..................... $
E. Reasonably anticipated lost wages............................................................... $
F. Other documented items of damages (describe)
$
G. Brief description of plaintiff's injury, including nature and extend of injury (describe)

$
TOTAL $

#### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendant has failed to pay Plaintiff $1,883.09 per month in accordance with the agreement.

$7,532.36 (through June 30, 2004) + $1,883.09 every
TOTAL month thereafter

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with then the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    A true copy by photostatic process    DATE: 6/29/04

Attest: _____ Asst. Clerk

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS<br>Worcester, ss | Superior Court<br>Department of the Trial<br>Court of the Commonwealth<br>Civil Action No. 04-1279 B |

J. RICHARD NEDDER,
   Plaintiff

vs.

CVS NEW YORK, INC.,
   Defendant

**FILED**

JUN 3 0 2004

ATTEST:

Francis A. Ford
CLERK



### PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

#### Parties and General Allegations

1. The Plaintiff, J. Richard Nedder is an individual with a usual place of residence in West Boylston, Worcester County, Massachusetts.

2. The Defendant, CVS New York, Inc. ("CVS") is a New York corporation doing business in the state of Massachusetts, with a usual place of business in Woonsocket, Providence County, Rhode Island.

3. CVS is the successor in interest to Melville Corporation ("Melville").

4. Mr. Nedder retired from Melville in 1983 after almost forty (40) years of service, the last two of which were as Vice-President.

5. As part of Mr. Nedder's retirement and in exchange for a comprehensive Release, Melville agreed to provide Mr. Nedder a supplemental monthly payment determined in 1989 to be $1,883.09 per month. A copy of the Release is attached hereto as Exhibit #1.

6. A copy of the Agreement ("Agreement") between Melville and Mr. Nedder is attached hereto as Exhibit #2.

7. From 1989 until February of 2004, Mr. Nedder received the monthly payment.

8. The monthly payment to Mr. Nedder stopped in March, 2004 and Mr. Nedder's demand that the monthly payments be reinstated, in accordance with he Agreement, have been ignored.

## COUNT I
### Breach of Contract

9. Mr. Nedder repeats the allegations contained in paragraphs 1 through 8 of this Complaint as is fully set forth herein.

10. As set forth above, CVS has breached its contract with Mr. Nedder.

11. As a direct and proximate result of CVS's breach of contract, Mr. Nedder has sustained damages.

## COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing

12. Mr. Nedder repeats the allegations contained in paragraphs 1 through 8 of this Complaint as is fully set forth herein.

13. CVS's contract with Mr. Nedder contained an implied covenant of good faith and fair dealing implied in all Massachusetts contracts.

14. By all of the above referenced conduct, CVS has breached the implied covenant of good faith and fair dealing between CVS and Mr. Nedder, and Mr. Nedder has sustained damages as a direct and proximate result of CVS's breach.

## COUNT III
### Injunctive Relief

15. Mr. Nedder repeats the allegations contained in paragraphs 1 through 14 of this Complaint as is fully set forth herein.

16. Mr. Nedder requests that this court enter a temporary and permanent injunction requiring CVS to make payments to Mr. Nedder in accordance with the Agreement.

## COUNT IV
### Declaratory Judgment

17. Mr. Nedder repeats the allegations contained in paragraphs 1 through 14 of this Complaint as is fully set forth herein.

18. A dispute has arisen between Mr. Nedder and CVS relative to Mr. Nedder's right to receive monthly payments in accordance with the Agreement.

19. An actual bonafide controversy exists between Mr. Nedder and CVS as to the duties and obligations with respect to the Agreement and the rights of the parties can only be determined by a declaratory judgment.

WHEREFORE, Mr. Nedder demands judgment in an amount to be determined by the Court plus interest, costs, attorney's fees and further requests that an order be entered:

1. Declaring the rights and other legal relations of Mr. Nedder and CVS by reason of the Agreement;

2. Declaring that CVS has breached the Agreement and its terms and declare that Mr. Nedder shall receive the payments as required by the Agreement; and

3. Make such other orders as the court deems just and proper.

**Plaintiff demands a trial by jury in the Superior Court on all counts so triable.**

J. RICHARD NEDDER
by his attorney,

_____
Attorney for the Plaintiff
William J. Ritter, Esquire
MacCarthy Pojani & Hurley
446 Main Street
Worcester, MA 01608
(508) 798-2480
BBO# 552397

A true copy by photostatic process
Attest: _____
Asst. Clerk

-3-

F:\data4\Nedder\Melville\Complaint.doc

# EXHIBIT #1

Case 4:04-cv-40138-FDS    Document 4    Filed 08/12/2004    Page 9 of 19



## RELEASE

Release executed this 26th day of October 1983, by J. Richard Nedder ("Nedder"), who resides at 26 Applewood Road, West Boylston, Massachusetts 01583.

For and in consideration of the payments and other benefits to be made to me by Melville Corporation ("Melville"), 3000 Westchester Avenue, Harrison, New York 10528 as detailed in that certain letter dated October 18, 1983 signed by Francis C. Rooney, Jr., and attached hereto as Exhibit A, Nedder and his heirs, executors, administrators, successors and assigns forever release and discharge Melville and all its officers, directors, employees, agents, successors and assigns, from any and all claims, demands, causes of action and liabilities of any kind whatever (upon any legal or equitable theory, whether contractual, common-law, statutory, federal, state or otherwise and including, but not limited to, any claims for fees or costs of any kind), whether known or unknown, which Nedder now has, ever had or hereafter may have from the beginning of time to the date of this Release, against Melville or any of its officers, directors, employees, agents, successors or assigns, by reason of any act, omission, transaction or occurrence up to and including the date of this release.

Without limiting the generality of the foregoing, this instrument shall release Melville and all its officers, directors, employees, agents, successors and assigns from any and all claims, whether known or unknown, which Nedder now has, ever had or hereafter may have against Melville or any of its officers, directors, employees, agents, successors or assigns, arising out of Nedder's employment by Melville or the termination thereof, including but not limited to any claim under any federal, state or municipal statute, regulation or ordinance dealing with discrimination in employment.

This Release may not be changed orally.

Nedder represents and warrants that he has read this Release carefully, that he fully understands its terms, and that he is signing it voluntarily and of his own free will.

_____
J. Richard Nedder

STATE OF  New York        )
                          : s.:
COUNTY OF Westchester     )

On this 26th day of October, 1983, before me personally came J. Richard Nedder, to me known and known to me to be the person described in and who executed the foregoing Release and he duly acknowledged to me that he executed same.

_____
Notary Public

JANET L. FARROW
Notary Public, State of New York
No. 4777486
Qualified in Westchester County
Commission Expires March 30, 1984

# EXHIBIT #2

# Melville

Francis C. Rooney, Jr.
Chairman of the Board

October 18, 1983

Mr. J. Richard Nedder
26 Applewood Road
West Boylston, Massachusetts  01583

Dear Dick:

This letter will confirm that the Board of Directors of Melville Corporation has approved the following arrangement regarding your compensation and retirement benefits:

## Present Compensation

  Base Salary:     $168,000/year
  Normal Award:    $ 28,600/year
  (To be adjusted according to 1983 Actual results)

## Compensation Payment and Retirement Payments

1. Your current rate of compensation will be paid through 12/31/83.

2. You will retire on 1/1/84. Your straight life annuity payments under the Melville Corporation Retirement Plan will be approximately $22,140 annually which will be $1,845 on a monthly payment basis. (This would be reduced if you choose an optional method of payment.)

### Melville Retirement Plan Payments

|  | ARRANGEMENT | BENEFIT |
|---|---|---|
| Straight Life Annuity | To You | $22,140/year |
|  | To Surviving Spouse | $    -0- |
| 100% Joint & Survivor Option | To You | $18,400/year |
|  | To Surviving Spouse | $18,400/year |
| 50% Joint & Survivor Option | To You | $20,090/year |
|  | To Surviving Spouse | $10,045/year |

-2-

3.   *You will receive a supplemental yearly payment from Melville Corporation funds of approximately $97,860 for the calendar years 1984, 1985 and 1986 paid on a monthly basis of $8,155,000. (This, too, would be reduced if you choose an optional payment basis.) The combination of the $22,140 from the Retirement Plan and the $97,860 supplemental payment equals $120,000 yearly for the three calendar years on a straight life basis.*

*Supplemental Melville Corporation Funds Payment for Calendar Years 1984, 1985 and 1986*

|  | ARRANGEMENT | BENEFIT |
|---|---|---|
| Straight Life Annuity | To You | $97,860/year |
|  | To Surviving Spouse | $ -0- |
| 100% Joint & Survivor Option | To You | $81,331/year |
|  | To Surviving Spouse | $81,331/year |
| 50% Joint & Survivor Option | To You | $88,828/year |
|  | To Surviving Spouse | $49,414/year |

4.   *Starting 1/1/87, you will continue to receive the $22,140 per year paid at $1,845 on a monthly basis from the Melville Retirement Plan and will receive a supplemental yearly payment from Melville Corporation funds of approximately $37,860, which will be paid at $3,155 per month through 5/15/89 (until you have reached age 62). (This would be reduced if you choose an optional payment basis.) The combination of the $22,140 from the Retirement Plan and the $37,860 supplemental payment equals $60,000 per year on a straight life basis.*

*Supplemental Melville Corporation Funds Payment Starting 1/1/87*

|  | ARRANGEMENT | BENEFIT |
|---|---|---|
| Straight Life Annuity | To You | $37,860/year |
|  | To Surviving Spouse | $ -0- |
| 100% Joint & Survivor Option | To You | $31,465/year |
|  | To Surviving Spouse | $31,465/year |
| 50% Joint & Survivor Option | To You | $34,366/year |
|  | To Surviving Spouse | $17,183/year |

5.   *When you reach age 62 on 5/16/89, your Melville Retirement Plan payments of $22,140 will continue and your supplemental payment from Melville Corporation funds will be reduced by your primary social security amount at age 62. The total of payments from the three sources will equal the former total of the Retirement Plan benefits and the supplemental Melville Corporation's funds payment, which is $60,000 annually on a straight life basis.*

-3-

6.  *Your total compensation will be as follows on a straight life annuity basis:*

   *1983   —   Current rate as is*

   *1984   —   $120,000 ($97,860 from Melville Corporation funds as a supplement)*
   *($22,140 from Melville Retirement Plan)*

   *1985   —   $120,000 ($97,860 from Melville Corporation funds as a supplement)*
   *($22,140 from Melville Retirement Plan)*

   *1986   —   $120,000 (97,860 from Melville Corporation funds as a supplement)*
   *($22,140 from Melville Retirement Plan)*

   *1987 On—   $60,000 *($37,860 from Melville Corporation funds as a supplement)*
   *($22,140 from Melville Retirement Plan)*

\*   *At age 62, the Melville supplemental funds will be reduced by the amount of primary social security for which you are eligible.*

In the event the Melville Retirement Plan is amended and your benefits are increased effective on or before January 1, 1984, the supplemental benefits from Melville Corporation funds will be reduced accordingly. However, if the Plan is amended after January 1, 1984 and your benefits are increased, such increase will have no effect on the supplemental benefits from Melville Corporation funds.

You may elect to receive whichever payment form you want; but, your election will apply uniformly to all the payments described above.

<u>Benefit Coverage</u>

Your long-term disability (salary continuation) coverage will expire as of 12/31/83.

Your present life insurance will continue unreduced through the end of the calendar year 1983 and premium payments will continue to be deducted from your salary during that period.

Effective 1/1/84, your life insurance will be reduced to $12,000 and you will not pay any future premiums.

Your hospital-surgical major medical and dental coverages will continue as they are through 1983 and premiums will be deducted from your compensation checks.

Effective 1/1/84, your hospital-surgical major medical coverage will continue as before and your monthly premiums will be deducted from your Melville Retirement Plan check. Your dental coverage will be cancelled.

-4-

*Your benefits under the Melville Corporation Retirement Plan as previously discussed, accrue through 12/31/83; and this report reflects those numbers.*

*Restricted Stock Shares*

*You presently hold grants of restricted stock awarded to you under the 1980 Restricted Stock Plan aggregating 2,830 shares (after the recent split). The Melville Corporation Compensation Committee has authorized the removal of the restrictions and delivery to you of stock certificates for those shares on January 1, 1984.*

*Exercise of Stock Options*

*You presently hold the following options to purchase Melville Common Stock pursuant to our 1983 Stock Option Plan:*

| | |
|---|---|
| 4/13/76 | *Four Thousand (4,000) shares at an option price of $10.9375 per share - non-qualified options.* |
| 7/14/82 | *Four Thousand Thirty (4,030) shares at an option price of $24.8125 per share - Incentive Stock Option.* |
| 7/14/82 | *Two Thousand Five Hundred Seventy (2,570) shares at an option price of $24.8125 per share - non-qualified option.* |

*These options may be exercised by you at any time within the three months after your retirement on 1/1/84. Thus, any and all of the options would expire on March 31, 1984 if not previously exercised.*

*As we discussed, the above arrangement is contingent on your signing and delivering to me the attached release.*

*It is also important that you send me a letter promptly indicating whether you desire the benefit payments which will commence effective 1/1/84 as:*

1)   *A Straight Life Annuity with no Survivor option.*

2)   *A 100% Joint and Survivor option.*

3)   *A 50% Joint and Survivor option.*

*The provisions of these various arrangements are outlined earlier in this letter; and whatever arrangement you choose will apply uniformly to all the payments made covering the period 1/1/84 on.*

*With kind regards.*

Sincerely,

*Francis C. Rooney, Jr.*
*Chairman*

rny:louie
Attachment

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS<br>Worcester, ss. | Superior Court<br>Department of the Trial<br>Court of the Commonwealth<br>Civil Action No. 04-1279B |

)
)
J. RICHARD NEDDER,                              )
)
      Plaintiff,                                )
v.                                                          )
)                       **FILED**
CVS NEW YORK, INC.                           )
)                       AUG 0 2 2004
      Defendant.                               )   ATTEST


### NOTICE OF FILING NOTICE OF REMOVAL TO
### UNITED STATES DISTRICT COURT

TO:    J. Richard Nedder, By and Through his Attorneys of Record, William J. Ritter, MacCarthy Pojani & Hurley, 446 Main Street, Worcester, MA 01608

PLEASE TAKE NOTE that on the 28th day of July, 2004, this action was removed from the Superior Court of the Commonwealth of Massachusetts for Worcester County to the United States District Court for the District of Massachusetts. A copy of the Notice of Removal filed in the United States District Court is attached as Exhibit A.

- 2 -

Dated: ~~August~~ July 29th, 2004

CVS NEW YORK, INC.
By their attorneys,

_____
Todd M. Reed (BBO #564913)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 528-5858
(401) 276-6611 (fax)

A true copy by photostatic process
Attest: _____
Asst. Clerk

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2004, I caused a copy of the foregoing document to be mailed via first-class mail, postage pre-paid to William J. Ritter, MacCarthy Pojani & Hurley, 446 Main Street, Worcester, MA 01608.

_____
Todd M. Reed