UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No: 04-40138-FDS

J. RICHARD NEDDER
and HELENE NEDDER,
    Plaintiffs

vs.

CVS NEW YORK, INC.,
    Defendant

## PLAINTIFFS' FIRST AMENDED COMPLAINT

### Parties and General Allegations

1. The Plaintiffs, J. Richard Nedder ("Mr. Nedder") and Helene Nedder ("Mrs. Nedder") are husband and wife (collectively "Mr. and Mrs. Nedder") with a usual place of residence in West Boylston, Worcester County, Massachusetts.

2. The Defendant, CVS New York, Inc. ("CVS") is a New York corporation doing business in the state of Massachusetts, with a usual place of business in Woonsocket, Providence County, Rhode Island.

3. CVS is the successor in interest to Melville Corporation ("Melville").

4. Mr. Nedder retired from Melville in 1983 after almost forty (40) years of service, the last two of which were as Vice-President.

5. As part of Mr. Nedder's retirement and in exchange for a comprehensive Release, Melville agreed to provide Mr. Nedder a supplemental monthly payment determined in 1989 to be $1,883.09 per month. A copy of the Release is attached hereto as Exhibit #1.

6. A copy of the Agreement ("Agreement") between Melville and Mr. Nedder is attached hereto as Exhibit #2.

7. As part of the Agreement, Mr. Nedder was permitted to elect survivor benefits so that his wife would receive the monthly payments after his death. Mr. Nedder elected survivor benefits.

8. From 1989 until February of 2004, Mr. Nedder received the monthly payment.

9. The monthly payment to Mr. Nedder stopped in March, 2004 and Mr. Nedder's demand that the monthly payments be reinstated, in accordance with he Agreement, have been ignored.

## COUNT I
### Breach of Contract/Claim for Benefits

10. Mr. and Mrs. Nedder repeat the allegations contained in paragraphs 1 through 9 of this Complaint as is fully set forth herein.

11. As set forth above, CVS has breached its contract with Mr. and Mrs. Nedder.

12. As a direct and proximate result of CVS's breach of contract, Mr. and Mrs. Nedder have sustained damages and are entitled to benefits.

## COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing

13. Mr. and Mrs. Nedder repeat the allegations contained in paragraphs 1 through 9 of this Complaint as is fully set forth herein.

14. CVS's contract with Mr. and Mrs. Nedder contained an implied covenant of good faith and fair dealing implied in all Massachusetts contracts.

15. By all of the above referenced conduct, CVS has breached the implied covenant of good faith and fair dealing between CVS and Mr. and Mrs. Nedder, and Mr. and Mrs. Nedder have sustained damages as a direct and proximate result of CVS's breach.

## COUNT III
### Injunctive Relief

16. Mr. and Mrs. Nedder repeat the allegations contained in paragraphs 1 through 15 of this Complaint as is fully set forth herein.

17. Mr. and Mrs. Nedder requests that this court enter a temporary and permanent injunction requiring CVS to make payments to Mr. and Mrs. Nedder in accordance with the Agreement.

## COUNT IV
### Declaratory Judgment

18. Mr. and Mrs. Nedder repeat the allegations contained in paragraphs 1 through 17 of this

Complaint as is fully set forth herein.

19. A dispute has arisen between Mr. and Mrs. Nedder and CVS relative to Mr. and Mrs. Nedder's right to receive monthly payments in accordance with the Agreement.

20. An actual bonafide controversy exists between Mr. and Mrs. Nedder and CVS as to the duties and obligations with respect to the Agreement and the rights of the parties can only be determined by a declaratory judgment.

WHEREFORE, Mr. and Mrs. Nedder demand judgment in an amount to be determined by the Court plus interest, costs, attorney's fees and further requests that an order be entered:

1. Declaring the rights and other legal relations of Mr. and Mrs. Nedder and CVS by reason of the Agreement;

2. Declaring that CVS has breached the Agreement and its terms and declare that Mr. Nedder shall receive the payments as required by the Agreement and Mrs. Nedder shall receive survivor benefits, if any; and

3. Make such other orders as the court deems just and proper.

J. RICHARD NEDDER and
HELENE NEDDER
by his attorney,

William J. Ritter, Esquire
BBO# 552397
Natañia M. Soto
BBO# 651383
Pojani Hurley Ritter & Salvidio, LLP
446 Main Street
Worcester, MA 01608
(508) 798-2480

-3-